ELIOT G. FARRINGTON, Respondent, *v.* STAR COMPANY, Appellant.

*Libel — publication of plaintiff's photograph in connection with article charging person of same surname with crime.*

*Farrington* v. *Star Co.,* 217 App. Div. 733, affirmed.

(Argued January 19, 1927; decided February 23, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 24, 1926, unanimously affirming a judgment in favor of plaintiff, entered upon a verdict in an action for libel. It was shown that defendant had twice published in the New York *American* the plaintiff's photograph in connection with a story in which one Edward Joseph Farrington was charged with seduction under promise of marriage and that the articles were false as to this plaintiff.

*William A. De Ford* for appellant.

*Herbert C. Smyth, Roderic Willman* and *Ralph W. Thomas* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ.

———

LOCKPORT CO-OPERATIVE DAIRY ASSOCIATION, INC., Respondent, *v.* WILLIAM BUCHNER, Appellant.

*Associations — assessments — action by co-operative association to recover assessment levied on members.*

*Lockport Co-operative Dairy Assn., Inc.,* v. *Buchner,* 217 App. Div. 784, affirmed.

(Argued January 19, 1927; decided February 23, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first ·judicial department, entered July 27, 1926, affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought by a co-operative dairy association formed under article

13-A of the Membership Corporations Law to recover the amount of a *per capita* assessment levied upon its members by resolution of its board of directors under article 10 of its by-laws which read as follows: " Emergency capital: If emergency capital is necessary the directors, by a majority vote, may call for additional funds from the members and issue therefor additional certificates of indebtedness."

. Defendant contended that the assessment and by-law under which it was alleged to have been levied were invalid; that the plaintiff had no authority to adopt the by-laws under which this assessment was levied; that the by-law was unreasonable and indefinite, and was in conflict with the certificate of incorporation and other provisions of the by-laws.

*Bernard Swartz* for appellant.

*William W. Storrs* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ. Dissenting: LEHMAN, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN T. HALLIN et al., Appellants.

*Crimes — harboring intoxicated persons in refreshment saloon in violation of city ordinance.*

*People* v. *Hallin,* 217 App. Div. 816, 817, affirmed.

(Argued January 20, 1927; decided February 23, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered September 29, 1926, which affirmed a judgment of the Chautauqua County Court affirming a judgment of the City Court of Jamestown, convicting defendants, who operated a refreshment saloon in the city of Jamestown, of harboring intoxicated persons therein in violation of a city ordinance which provided: " It shall be unlawful for any person owning, conducting